UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LOUIE CAMPOS,<br><br>　　　　Defendant. | Case No. 5:24-mj-00015-CDB<br><br>ORDER OF DETENTION PENDING REVOCATION HEARING |

**Background**

Defendant Louie Campos was arrested in this district on a warrant issued by the District of Arizona in connection with a petition alleging that he violated his conditions of pretrial release there. *See* No. 4:23-cr-01155-JCH-JR (D. Az.).

On March 15, 2024, Defendant appeared for an initial appearance in this Court, as the district of arrest, pursuant to Federal Rules of Criminal Procedure 5(c)(3) and 40.

Defendant was advised of the allegations in the petition, of his right to retain, or have an appointed, counsel to represent him in this district, and of other rights, including his right to remain silent and his right to a revocation hearing in the charging district.

Having been so advised, and after conferring with appointed counsel, Defendant knowingly and voluntarily waived any rights he had to an identity hearing.

Prior to the initial appearance, the Court and parties received reports from the Pretrial Services Office that summarized the procedural posture of the case and the nature of the alleged pretrial release violations.

At the initial appearance, the government moved for detention. The matter was argued and submitted.

**Governing Legal Standard**

Pursuant to Rule 40(c), a court may modify any previous release or detention order issued in another district but must state its reasons for doing so in writing. Here, because the motion for detention by the United States would require a change – temporary revocation – of the conditions of release, the Court proceeded with a detention hearing under Rule 40(c). *See, e.g., United States v. Turner*, 2023 WL 2401581, *2 (W.D.N.C. Mar. 8, 2023); *United States v. Garraway II*, 2022 WL 14752697, *1 (S.D. Tex. Oct. 25, 2022). *Accord United States v. Martin*, 2022 WL 4370447, *3 (N.D. Tex. Sept. 21, 2022) ("the magistrate judge in the district of arrest should, pending the revocation hearing, either order detention or decide on conditions of release and should do so after a hearing on those matters.").

**Discussion**

Defendant originally was arrested in the District of Arizona in May 2023 on an arrest warrant issued there on criminal complaint. Defendant appeared in that district on May 8, 2023, for his initial appearance on charges alleging unlawful transportation of aliens for financial gain (8 U.S.C. §§ 1324(a)(1)(A)(i) & B(ii)). *See* No. 4:23-cr-01155-JCH-JR (D. Az.), Docs. 1,6. He later was charged by indictment with four related counts carrying a maximum, combined penalty of 40 years in prison upon conviction of all offenses. *Id.* (Doc. 15). Thus, he is aware he is facing serious charges with significant maximum penalties. *See id.* (Doc. 18) (attorney's declaration in connection with Defendant's waiver of personal appearance at arraignment in which attorney attested he advised Defendant of the maximum penalties).

According to the petition alleging violation of pretrial release conditions, Defendant failed to report to the Pretrial Services Office as directed and failed to report for mandatory substance abuse testing. During the Defendant's appearance in this Court, the supervising Pretrial Services

Officer reported that he engaged in email communications with the Defendant to schedule a virtual home visit to occur on February 1, 2024, but the Defendant terminated his communications with the officer and the officer was unable to arrange the home visit.

The docket in the District of Arizona reflects that on January 24, 2024, trial of Defendant's case was continued to March 12, 2024. *See* No. 4:23-cr-01155-JCH-JR (D. Az.), Doc. 27. On February 26, 2024, counsel for Defendant filed a stipulated request to continue trial; instead of granting the request, the Court ordered the parties to appear for motion hearing. *Id.* (Doc. 30). Neither counsel for Defendant nor Defendant appeared at that motion hearing. (Doc. 31). The sequence and close proximity of Defendant's failure to return communications with the Pretrial Services Office and the looming trial date give the undersigned further concern about Defendant's lack of willingness or inability to comply with conditions of release.

For all of these reasons, the undersigned concludes no condition or combination of conditions could sufficiently mitigate the risk of flight Defendant would present were he released and that, pursuant to Rule 40(c), the previously entered release order should be modified.

ACCORDINGLY, based on the totality of these considerations, the Defendant is remanded to the custody of the United States Marshal pending his anticipated transportation to the District of Arizona for further proceedings pursuant to 18 U.S.C. § 3148(b).

IT IS SO ORDERED.

Dated:   **March 15, 2024**

UNITED STATES MAGISTRATE JUDGE